JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Yamonnie Pressley

## DEFENDANTS
Empire Education Group

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 123 South Broad Street, 15th Floor, Philadelphia PA 19109 (267) 887-0172

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VI of the Civil Rights Act of 1964

Brief description of cause:
Race discrimination in an educational program

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: None
DOCKET NUMBER: _____

DATE: 9/13/2025

SIGNATURE OF ATTORNEY OF RECORD: */s/ Robert T Vance Jr*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: _Lebanon, Pennsylvania_

**RELATED CASE IF ANY:** Case Number: _N/A_   Judge: _____

1. Does this case involve property included in an earlier numbered suit? — Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? — Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? — Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? — Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. — Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief *see certification below*
16. ☒ All Other Federal Question Cases. (Please specify): _Education discrimination_

*B. Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (*Please specify*):_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: (*Please specify*)_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ **does not** have implications beyond the parties before the court and ☐ does / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**United States District Court for the Eastern District of Pennsylvania**

| | |
|---|---|
| Yamonnie Pressley | : |
| | : |
| vs | : Civil Action No. |
| | : |
| Empire Education Group | : ***Jury Trial Demanded*** |

*Complaint*

Plaintiff, Yamonnie Pressley, brings a series of claims against Defendant, Empire Education Group, of which the following is a statement:

*Jurisdiction and Venue*

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331 and 1343, this action being brought under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d, et seq. ("Title VI"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory and retaliatory practices of defendant. This Court may exercise supplemental jurisdiction over Pressley's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this case occurred in this judicial district.

*Parties*

4. Plaintiff, Yamonnie Pressley, is a Black female citizen of the United States and a resident of this judicial district.

5. Defendant, Empire Education Group, is a family-owned company that owns andn operates a nationwide chain of for-profit cosmetology schools branded as Empire Beauty

Schools. Defendant's principal place of business is located at 396 Pottsville / St. Clair Highway, 17901. Defendant operates a school at 1776 Quentin Road, Lebanon, Pennsylvania 17042.

6.  At all times relevant to this action, defendant was a recipient of "federal financial assistance" within the meaning of Title VI.

7.  The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business and pursuant to defendant's official policies and customs.

### *Background Facts*

8.  Pressley attended defendant's school in Lebanon from September 2023 to January 2024, successfully completed the required courses, and obtained a cosmetology certificate from defendant.

9.  On or about June 2, 2025, Pressley enrolled at defendant's Lebanon school with the intention of completing defendant's Educator Program and obtaining a license to work as a beauty school educator. The Educator Program consists of classroom instruction and hands-on experience. Pressley was the only Black student in the classroom setting at the Lebanon school.

10. At the time Pressley enrolled in the Educator Program in June 2025, defendant had enrolled a White female student (hereafter "Student A") at the Lebanon school who apparently suffered from Tourette syndrome, a nervous system disorder that sometimes involves uncontrollable repetitive movements or unwanted sounds, such as repeatedly blurting out offensive words.

11. Student A continually followed Pressley around the school building, and regularly and repeatedly shouted racial slurs at Pressley whenever Student A saw Pressley.

2

12. Pressley felt threatened by Student A's actions, and Student A harassed Pressley with such frequency that Pressley was unable to attend required in-person classroom observations from July 2025 to the present.

13. Pressley complained to defendant about Student A's actions, and in particular the negative impact her actions had on Pressley's ability to complete the requirements of the Educator Program.

14. Defendant failed to take prompt and effective action to remedy the problems caused by Student A's actions, claiming that there was nothing it could do because Student A's actions allegedly were involuntary.

15. However, Student A's actions clearly and directly violated defendant's Nondiscriminnation Policy Statement, which prohibits discrimination based on race and acknowledges that such discrimination may take the form of harassment, and constitute an undue hardship within the meaning of the Americans With Disabilities Act such that defendant is not required to accommodate Student A's apparent disability at the expense of Pressley's right to be free from discrimination based on race.

16. Pressley has suffered, is now suffering, and will continue to suffer emotional distress, mental anguish, and other non-pecuniary losses as a direct and proximate result of defendant's discrimination.

17. By reason of defendant's discrimination, Pressley suffered economic harm, including loss of the value of the tuition payments she made to defendant, embarrassment and humiliation.

18. Defendant acted and failed to act willfully, maliciously, intentionally, and with reckless disregard for Pressley's rights.

3

19.     Defendant's actions and omissions described above constitute discrimination, harassment, and retaliation against Pressley because of her race in violation of Title VI of the Civil Rights Act of 1964, as amended.

### Count I

*Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000d et seq.*

20.     Plaintiff restates and realleges paragraphs 1- 19, inclusive, as though set forth here in full.

21.     Pressley had a federal statutory right under Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000d et seq. ("Title VI"), to be free from discrimination based on race under any program or activity receiving Federal financial assistance.

22.     Defendant's conduct deprived Pressley of the rights, privileges and immunities guaranteed to her under Title VI.

23.     By reason of defendant's discrimination and retaliation, Pressley is entitled to all legal and equitable relief available under Title VI.

### Count II

*Intentional Infliction of Emotional Distress*

24.     Plaintiff restates and realleges paragraphs 1- 23, inclusive, as though set forth here in full.

25.     Defendant's conduct as described above was extreme and outrageous.

26.     Defendant's conduct was intentional or reckless, and proximately caused Pressley's severe emotional distress.

27.     By reason of the above, defendant intentionally inflicted emotional distress upon Pressley, and Pressley is entitled to all legal and equitable relief arising therefrom.

### *Count III*

### *Negligent Infliction of Emotional Distress.*

28. Plaintiff restates and realleges paragraphs 1- 27, inclusive, as though set forth here in full.

29. Defendant owed Pressley a duty to ensure that she would not be subjected to race discrimination, harassment, or retaliation of any kind while participating in defendant's Educator Program.

30. Defendant, through its actions and omissions described above, breached said duty.

31. As a direct and proximate result of defendant's breach of duty, Pressley suffered the damages and injuries alleged above.

32. Pressley's injuries resulted from a direct emotional impact caused by her knowledge of defendant's utter failure to protect her from, and indifference to the fact that she was experiencing, race discrimination, harassment and retaliation while participating in defendant's Educator Program.

33. By reason of the above, defendant negligently inflicted emotional distress upon Pressley, and Pressley is entitled to all legal and equitable relief arising therefrom.

### *Jury Demand*

34. Pressley hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Yamonnie Pressley, respectfully prays that the Court:

a. adjudge, decree and declare that defendant engaged in illegal discrimination and that the actions and practices of defendant complained of herein violated her rights under Title VI and constituted negligent and intentional infliction of emotional distress;

    b.    enter judgment in favor of Brown and against defendant for all available remedies and damages under law and equity;

    c.    grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

    d.    retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

*/s/ Robert T Vance Jr*
Robert T Vance Jr, Esquire
Law Offices of Robert T Vance Jr
123 South Broad Street, 15th Floor
Philadelphia PA 19110
267 887 0172 tel / 215 501 5380 fax
rvance@vancelf.com

*Attorney for Yamonnie Pressley*