IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAMONNIE PRESSLEY, | ) | |
| | ) | Civil Action No. 1:25-cv-01826 |
| Plaintiff, | ) | |
| | ) | |
| | ) | The Honorable Yvette Kane |
| v. | ) | |
| | ) | |
| | ) | *Electronically Filed* |
| EMPIRE EDUATION GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant Empire Education Group ("Defendant"), by and through its undersigned counsel, files the following Answer and Defenses to Plaintiffs' Complaint (ECF 001). Defendant denies every allegation in the Complaint except as expressly admitted below, following the paragraph number of the Complaint insofar as possible.

**JURISDICTION AND VENUE**

1. The allegations in Paragraph 1 of the Complaint state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant admits that this Court has jurisdiction based on the allegations in the Complaint but denies that it engaged in any acts or omissions that violate any federal, state, or local laws or regulations.

2. The allegations in Paragraph 2 of the Complaint state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant admits only that the Middle District of Pennsylvania is a proper venue based on the allegations in the Complaint but denies that it engaged in any acts or omissions that violate any federal, state, or local laws or regulations.

## PARTIES

4. Defendant admits only that Plaintiff is a Black female. Defendant lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 4 and thus denies the same.[1]

5. Defendant admits the allegations in Paragraph 5.

6. The allegations in Paragraph 6 are conclusions of law requiring no response. To the extent a response is required, Defendant admits that it is a recipient of federal financial assistance but denies any violation of law.

7. Defendant denies the allegations in Paragraph 7.

## FACTUAL ALLEGATIONS

8. Defendant denies the allegations in Paragraph 8 as stated. By way of further response, Plaintiff attended classes between May 2023 and January 2024.

---

[1] Plaintiff's Complaint does not contain a Paragraph 3. The numbering within the Answer matches those within the Complaint.

9. Defendant admits in part and denies in part the allegations in Paragraph 9. Defendant admits that Plaintiff enrolled at Defendant's Lebanon location in June 2025, and that the Educator Program consists of classroom instruction and hands-on training. Defendant lacks knowledge or information sufficient to determine Plaintiff's intentions and thus denies the same. Defendant further denies the rest of the allegations in Paragraph 9.

10. Defendant admits that a student (identified as "Student A" in Plaintiff's Complaint) who was enrolled in another program at the Lebanon location reported that she had Tourette Syndrome.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant admits only that Plaintiff reported that Student A made comments. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant admits in part and denies in part the allegations in Paragraph 15. Defendant admits that it maintains a nondiscrimination policy. The remaining allegations in Paragraph 15 are denied.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. The allegations in Paragraph 19 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies the allegations in Paragraph 19 of the Complaint.

## COUNT I

20. Defendant incorporates its responses to Paragraphs 1 – 19 above as if fully restated herein.

21. The allegations in Paragraph 21 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies the allegations in Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies the allegations in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies the allegations in Paragraph 23 of the Complaint.

## COUNT II

24. Defendant incorporates its responses to Paragraphs 1 – 23 above as if fully restated herein.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. The allegations in Paragraph 27 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies the allegations in Paragraph 27 of the Complaint.

## **COUNT III**

28. Defendant incorporates its responses to Paragraphs 1 – 27 above as if fully restated herein.

29. The allegations in Paragraph 29 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies the allegations in Paragraph 29 of the Complaint.

30. The allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies the allegations in Paragraph 30 of the Complaint.

31. The allegations in Paragraph 31 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32.

33. The allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies the allegations in Paragraph 33 of the Complaint.

## **JURY DEMAND**

34. The allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent this Court requires a response, Defendant denies the allegations in Paragraph 33 of the Complaint.

## **RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Defendant denies that it acted unlawfully and that Plaintiff is entitled to any of the relief she requests.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered and responded to the averments of Plaintiff's Complaint, Defendant respectfully requests that:

(a) Plaintiff's claims be dismissed, with prejudice, and in their entirety;

(b) Each and every prayer for relief contained in the Complaint be denied;

(c) Judgment be entered in favor of Defendant;

(d) All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff, pursuant to applicable laws; and

(e) Defendant be granted such other relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendant reserves the right to assert any such additional defenses that may become applicable during this litigation. Defendant hereby denies all allegations that are not expressly admitted in the within Answer.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because she fails to state facts sufficient to constitute a viable cause of action or to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state facts sufficient to state a claim upon which relief can be granted as to the damages alleged.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not act with any deliberate indifference or with any intent to discriminate.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because she cannot establish a *prima facie* case of discrimination under any statue or law.

**SIXTH AFFIRMATIVE DEFENSE**

Any adverse action to which Plaintiff was subjected was the direct result of Plaintiff's own conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or damages are barred in whole or in part because Plaintiff is not entitled to punitive damages, emotional distress damages, and/or speculative damages under Title VI.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because Plaintiff cannot prove by a preponderance of the evidence that her race was a factor in any decisions by Defendant.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate her alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages as a result of any act or omission of Defendant complained of in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own acts, omissions, or conduct. No action or inaction of Defendant caused Plaintiff harm at any time.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the incident described in the Complaint and all resulting damages and injury, if any, were the result of unavoidable consequences.

## THIRTEENTH AFFIRMATIVE DEFENSE

Should Plaintiff prevail, she is not entitled to monetary damages, because she has not asserted any facts supporting a claim for such damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that all actions taken with respect to Plaintiff were lawful.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and correct any harassing or discriminatory conduct, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant at all times acted in good faith, reasonably, and in accordance with the law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff cannot establish that any acts or omissions of Defendant was willful or intentional.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or damages are barred in whole or in part by the acts or omissions of parties not subject to Defendant's direction or control.

**TWENTIETH AFFIRMATIVE DEFENSE**

The injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, recklessness, and intentional conduct of other persons and/or entities, and thus, Defendant is entitled to an allocation of such negligent, reckless,

and intentional conduct amongst them, conduct which Defendant denies. Thus, if any liability is found against Defendant judgment should be assessed against Defendant only to the extent that it represents the proportionate percentage by which Defendant s acts and/or omissions contributed to Plaintiff's injuries, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not owe any duty to Plaintiff sufficient to give rise to a claim for negligent infliction of emotional distress.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant did not have actual or constructive notice of any alleged improper or tortious conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant raises the defenses of the assumption of the risk, comparative negligence, and contributory negligence.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff recovers any monies from collateral sources, Defendant is entitled to a set-off.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part by her failure to exhaust administrative remedies, and/or to report her concerns internally to allow the Defendant to take action to prevent further harm.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend its Answer and add additional affirmative defenses or counterclaims that may become known during litigation.

Date: October 9, 2025

Respectfully Submitted:

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Richard B. McGiffin*
Richard B. McGiffin
PA ID No. 326359
richard.mcgiffin@ogletree.com

Karen Baillie
PA ID No. 66780
karen.baillie@ogletree.com

One PPG Place, Suite 1900
Pittsburgh, PA 15222
Telephone: 412-394-3333

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2025, I caused Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be served via the Court's electronic filing system upon all counsel of record.

    Respectfully submitted,

    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

    */s/ Richard B. McGiffin*

    *Attorney for Defendant*