IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YAMONNIE PRESSLEY,     )
             )  Civil Action No. 1:25-cv
    Plaintiffs,    )  01826
             )
             )  The Honorable Yvette Kane
   v.         )
             )
             )  *Electronically Filed*
EMPIRE EDUCATION GROUP,   )
             )
   Defendant.    )

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties file the following Stipulated Protective Order to limit the use of confidential information shared and to require the return/destruction of such information.

**Proceedings and Information Governed.**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced in this action that are designated by a party as "Confidential Information" in accordance with the terms of

this Order, including student education records, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, keys, or other forms of recorded information containing, reflecting, or disclosing such information.  This Order shall apply to any documents that contain any information permitted by law or agreement to be kept confidential, including those that contain or mention: student education records, trade secrets, medical or healthcare information, patient information, financial information, account numbers, passwords, personnel or sensitive information about Defendants' current or former students and/or employees, the name of a minor, and any other documents that the parties believe contain confidential and/or sensitive information.

**Permission to Disclose Education Records Between University and Plaintiff's Counsel**

2.     Plaintiff hereby gives her specific, express written permission to Defendants to disclose to each other, to Plaintiff, and to Plaintiff's counsel and any of the others identified in this document any education information that they may have regarding Plaintiff for the purpose and duration of this action.

**Designation and Maintenance of Information.**

3.     For purposes of this Protective Order, the "Confidential Information" designation applies regardless of whether the information is already in the knowledge or possession of the party to whom disclosed, regardless of whether the

party is already bound by agreement not to disclose such information, and regardless

of whether the information that has been disclosed to the public or third persons in

a manner making such information no longer confidential.

4.      Documents and things produced during the course of this action may

be designated by the producing party as containing Confidential Information by

marking or designating each thing containing such information substantially as:

"CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER" or

"CONFIDENTIAL."  A party may designate information disclosed at a deposition

as Confidential Information by requesting the reporter to so designate the transcript

or any portion thereof at the time of the deposition.  If no such designation is made

at the time of the deposition, any party shall have fourteen (14) calendar days after

the date the deposition transcript is received to designate, in writing to the other

parties and to the court reporter that the transcript is to be designated as Confidential

Information.  If no such designation is made at the deposition or within such fourteen

(14) calendar day period (during which period, the transcript shall be treated as

Confidential Information), the entire deposition will be considered devoid of

Confidential Information.  Each party and the court reporter shall attach a copy of

any final and timely written designation notice to the transcript and each copy thereof

in its possession, custody or control, and the portions designated in such notice shall

thereafter be treated in accordance with this Protective Order.

3

It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

5.    The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity.  The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

6.    A receiving party may challenge a producing party's designation at any time.  Any receiving party disagreeing with a designation may request in writing that the producing party change the designation.  The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation.  If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, and after the conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated

information.  Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

7.      Confidential Information acquired during the pendency of this action may only be used for purposes of preparation, trial, and appeal of this action, must not be used for any other purpose, and must be destroyed or returned promptly upon the conclusion of this action.  Preparation includes use during discovery, including depositions, and disclosures to potential expert witnesses.  The provisions of Local Rule 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

8.      Confidential Information may be disclosed by the receiving party only in conjunction with this action and only to the following individuals provided that such individuals are informed of the terms of this Protective Order and sign and return to the outside counsel of the party making the disclosure the Acknowledgment set forth in Exhibit A: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions; (b) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and

private photocopying services; (e) fact witnesses in connection with this action; (f) experts or consultants; (g) mediators and/or other neutrals hired by the parties; and (h) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

9.      Confidential Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

(a)      the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b)      the designating party is the person or is a party for whom the person is a director, officer, employee, consultant, or agent; or

(c)      counsel for the party designating the material agrees that the material may be disclosed to the person.

Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

10.      The existence of this Protective Order shall be disclosed to any person producing documents, tangible things, or testimony in this action who may

reasonably be expected to disclose confidential treatment for such documents, tangible things, or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents with the Court.**

11.    The Parties agree that Confidential Information generally can be filed with the Court for all purposes, including summary judgment, trial, pre-trial, and post-trial motions, provided that the filing party first redacts social security numbers, credit card numbers, bank account information, the names of minor children, patient names, and other similarly sensitive proprietary, personal or personnel information. Where needed, mutually available code names can be used to reference comparator students, employees and/or others who are not parties to this litigation.  In the event that any party wishes to submit Confidential Information to the Court without redaction, such party shall follow the procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal.  Requests to file under seal also shall comply with this Court's local rules.

**No Prejudice.**

12.    Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b)

prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

13.     Upon the request of a producing party, within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, the receiving party, or other person subject to the terms of this Protective Order, shall be under an obligation to make a good faith attempt to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party of such destruction or return.  However, outside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

14.    By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

15.    The Court may, in its discretion, enforce the Protective Order by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt.

16.    Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

**Cooperation.**

17.    The parties agree to cooperate to maintain confidentiality.  The parties agree not to take steps to undermine confidentiality (such as by opposing the other parties' motion to seal) and not to disclose documents designated as confidential

(such as by providing documents designated as confidential to the press) (regardless of whether the Court grants a motion to seal or unseal).

18.     The parties agree that even if documents are revealed on the docket or in court proceedings, if they are designated as confidential, the parties will not publicize such documents or their contents.

19.     The parties agree to abide by the terms of this Stipulated Protective Order regardless of whether the Court enters it, or modifies it, or provides that documents are to be filed or used in court.

**Interest of Justice.**

20.     The Court retains the right to allow disclosure, as permitted by law, of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: November 14, 2025

Respectfully submitted,

/s/Robert T. Vance, Jr.

/s/Richard B. McGiffin

Robert T Vance Jr (ECF Pending)
PA I.D. No. 37692
rvance@vancelf.com

Richard B. McGiffin (ECF User)
PA I.D. No. 326359
richard.mcgiffin@ogletree.com
Karen Baillie (ECF User)
PA I.D. No. 66780
karen.baillie@ogletree.com

Law Offices of Robert T Vance Jr
123 South Broad Street, 15th Floor
Philadelphia PA 19109
(267) 887-0172

Ogletree Deakins, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
(412) 394-3333

*Attorneys for Plaintiff*

*Attorneys for Defendant*

APPROVED THIS __ DAY OF _____, 2025.

_____, J.
HONORABLE YVETTE KANE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YAMONNIE PRESSLEY, | ) | |
| | ) | Civil Action No. 1:25-cv |
| Plaintiffs, | ) | 01826 |
| | ) | |
| | ) | The Honorable Yvette Kane |
| v. | ) | |
| | ) | |
| | ) | *Electronically Filed* |
| EMPIRE EDUATION GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

---

**AGREEMENT**

---

The undersigned hereby acknowledges that he/she has read the Stipulated

Protective Order dated _____, 2025, in the above-captioned action and

that he/she understands the terms thereof and agrees to be bound by such terms.


Dated:_____          Signature:_____

                               Print Name:_____